# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| REBECCA A. SANSONETTE, | ) | CASE NO. 1:25-cv-1044 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| v. | ) | |
| | ) | |
| DAVID B. WADSWORTH, *et al.*, | ) | **ORDER OF REMAND** |
| | ) | |
| Defendants. | ) | |

Before the Court is Plaintiff Rebecca Sansonette's motion to remand to state court and request for attorney's fees and costs ("Motion to Remand") (ECF No. 9). Defendants filed a timely response. (ECF No. 10). For the reasons discussed below, the Motion to Remand is **GRANTED IN PART**.

**I.     BACKGROUND**

On April 16, 2025, Plaintiff filed a complaint in Medina County Court of Common Pleas against Defendants David B Wadsworth, the Medina County Clerk of Courts, Medina County, and the Medina County Board of Commissioners. (ECF No. 1-1). Plaintiff asserted three state-law claims (disability discrimination, disability retaliation, and age discrimination under Ohio law) and two federal claims under the Family and Medical Leave Act ("FMLA") (FMLA interference and FMLA retaliation). (*Id.* at PageID #9–14). On May 21, 2025, Defendants removed the case to the Northern District of Ohio pursuant to 28 U.S.C. §§ 1331 and 1441 on the basis of the Court's federal question jurisdiction, citing Plaintiff's claims under the FMLA. (ECF No. 1).

1

On June 13, 2025, Plaintiff filed an amended complaint that kept the three state-law claims but eliminated the two FMLA claims. (ECF No. 8). The same day, Plaintiff filed the instant Motion to Remand. (ECF No. 9). On June 26, 2025, Defendants filed a response to the Motion to Remand. (ECF No. 10).

## II.   LAW & ANALYSIS

### A.   Motion to Remand

Plaintiff argues that this case should be remanded to state court because she amended the complaint to remove all federal claims thereby removing the basis for the Court's subject matter jurisdiction over this action and necessitating remand to Medina County Court of Common Pleas. (ECF No. 9, PageID #100–01). In support, Plaintiff cites the Supreme Court's recent decision in *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 145 S. Ct. 41, 220 L. Ed. 2d 289 (2025). (*Id.* at PageID #100). Defendants concede that remand is proper under controlling precedent because Plaintiff has amended the pleadings to remove all federal claims and questions. (ECF No. 10, PageID #114, 116, 118).

The Court agrees with the parties. As held by the Supreme Court in *Royal Canin*, when a plaintiff amends her complaint following removal to eliminate the federal-law claims that enabled removal, the district court is divested of federal question jurisdiction and supplemental jurisdiction over the remaining state-law claims. 604 U.S. at 30, 33, 44. Because the amended complaint eliminated the FMLA claims, which was the sole basis for removal and the Court's federal question jurisdiction, the Court is divested of subject matter jurisdiction over this action. As a result, the case must be remanded to Medina County Court of Common Pleas.

### B. Request for Attorneys' Fees

Under 28 U.S.C 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "The Supreme Court has instructed that fee awards are inappropriate unless 'the removing party lacked an objectively reasonable basis for seeking removal.'" *Powers v. Cottrell, Inc.*, 728 F.3d 509, 515 (6th Cir. 2013) (quoting *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141, 126 S. Ct. 704, 163 L. Ed. 2d 547 (2005); citing *Paul v. Kaiser Found. Health Plan*, 701 F.3d 514, 523 (6th Cir. 2012)). "A defendant lacks an objectively reasonable basis for removal when well-settled case law makes it clear that federal courts lack jurisdiction to hear the case." *A Forever Recovery, Inc. v. Township of Pennfield*, 606 F. App'x 279, 281 (6th Cir. 2015). That said, an award is inappropriate when "the defendant's attempt to remove the action was 'fairly supportable.'" *See Chase Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910, 913–14 (6th Cir. 2007) (quoting *Bartholomew v. Town of Collierville*, 409 F.3d 684, 687 (6th Cir. 2005)).

Plaintiff argues that she is entitled to attorney's fees and costs under 28 U.S.C. § 1447 because Defendants' notice of removal lacked legitimate legal support. (ECF No. 9, PageID #101). Defendants argue that attorney's fees and costs should not be awarded because they had an objectively reasonable basis for removal. (ECF No. 10, PageID #117–18). The Court finds Plaintiff's argument wholly without merit. As Plaintiff states several times, she is the master of her complaint. In her original complaint, Plaintiff chose to assert two federal claims under FMLA. (ECF No. 1-1, PageID #12–14). As a result, even though Plaintiff now characterizes these claims as "tangential," they provided the basis for Defendants to properly remove this action pursuant to the Court's federal question jurisdiction under 28 U.S.C. §§ 1331 and 1441. While Plaintiff has now amended her complaint to remove the federal claims and divest the Court of jurisdiction over

this action, Defendants did not lack an objectively reasonable basis for seeking removal when they filed their notice of removal. Accordingly, Plaintiff's request for attorneys' fees under § 1447(c) is **DENIED**.

### III. CONCLUSION

For the forgoing reasons, Plaintiff's Motion to Remand (ECF No. 9) is **GRANTED IN PART**. The Court **REMANDS** this action to the Medina County Court of Common Pleas and **DENIES** Plaintiff's request for attorneys' fees and costs.

**IT IS SO ORDERED.**

Date: June 30, 2025

_____
**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**